**BERKLEY LAND AND INVESTMENT CORPORATION and Nathaniel S. Fulford, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 77–1519.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1978.

Decided May 3, 1978.

Nathaniel S. Fulford, petitioner Pro Se.

John M. Mahoney, S. E. C., Washington, D. C. (David Ferber, Sol. to the Commission, Jacob H. Stillman, Principal Asst. Gen. Counsel, Van P. Carter, Special Counsel, S. E. C., Washington, D. C., on brief), for respondent.

Before BUTZNER, WIDENER, and HALL, Circuit Judges.

PER CURIAM:

Petitioners, Berkley Land and Investment Corporation (Berkley), and Nathaniel S. Fulford, its President, brought this Petition for Review to challenge an order of the Securities and Exchange Commission (SEC) affirming the decision of the administrative law judge (ALJ) which had suspended a securities regulations exemption previously enjoyed by Berkley. Petitioners do not challenge the substance of either the ALJ opinion or the SEC order of affirmance, but rather, they argue that the SEC was prohibited by its own rules from *summarily* affirming the ALJ opinion. Since we hold that the SEC action was not a summary affirmance, we dismiss the Petition for Review.

After the ALJ had issued an opinion suspending Berkley's exemption, petitioners filed a Petition for Review with the SEC. The Commission granted the Petition and established a briefing schedule, which resulted in briefs being filed by petitioners and by the Division of Corporate Finance of the SEC. Oral argument before the Commission was waived.[1]

Thereafter, the SEC issued an order entitled "Order Summarily Affirming Initial Decision Permanently Suspending Regulation A Exemption", which affirmed the ALJ opinion. Petitioners filed a "Request For An Order Other Than Summary Affirmance Of An Initial Decision Permanently Suspending Regulation A Exemption", which was denied by the SEC. Petitioners

---

1. The Commission's order affirming the ALJ opinion indicated in a footnote that petitioners had waived oral argument before the Commis-

sion. Petitioners do not challenge this finding on appeal nor do they raise the absence of oral argument as an issue.

then brought this "Petition For Review From Order Of Securities And Exchange Commission" before this court.

Petitioners' claim is based on Rule 17(d) of the Commissions Rules of Practice, 17 C.F.R. § 201.17(d), which provides, in pertinent part:

(d) *Review by the Commission pursuant to Petition for Review.* After a Petition for Review has been filed the Commission may decline to review the initial decision except that it will order review where

(1) . . .

(2) The petition for review makes reasonable showing that

(i) . . .

(ii) The initial decision embodies

(a) . . .

(b) A legal conclusion which is erroneous . . .

The petitioners allege that their Petition for Review before the SEC made a reasonable showing that the initial decision embodied erroneous legal conclusions and therefore, the SEC could not summarily affirm the ALJ decision.

We need not decide whether the Petition for Review made the required showing .

since we hold that the SEC did not summarily affirm the ALJ opinion. Although the SEC order was entitled a "Summary Affirmance", and the words "summary affirmance" appear throughout the record, the procedure followed by the SEC demonstrates that the title "Summary Affirmance" is a misnomer. Rule 17(e), 17 C.F.R. § 201.17(e), indicates that where summary affirmance occurs, briefs are not filed, and presumably, oral argument would not be available. Both of those procedures were available here. Therefore, although the SEC called its procedure summary affirmance, its own rules and the very nature of its action indicates that the process here was the adoption of the ALJ decision after a full review.

We suggest that in the future, the SEC discontinue calling these types of proceedings summary affirmances.

*PETITION DISMISSED.*